UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERBERT T. PATTY,

Plaintiff,

v.

THOMAS KUHNLE, et al.,

Defendants.

Case No. 25-cv-04392-NW

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: ECF No. 2

On May 22, 2025, Plaintiff Herbert T. Patty ("Plaintiff"), proceeding *pro se*, brought suit against Defendants Heather Allan, Troy Benson, Attorney General Rob Bonta, Jay Boyarsky, Judge Cynthia Chen, Tracy Fleming, Tamalca Harris, Judge Thomas Kuhnle, Sandip Patel, Jeff Rosen, Judge Stuart Scott, Kalila Spain, Tyrone Wilson, Adam Wright, and Farrah Zarea (collectively, "Defendants"). Compl., ECF No. 1. Plaintiff asks the Court, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order ("TRO") enjoining Defendants from moving forward with two scheduled proceedings in Santa Clara County Court: (1) a criminal trial setting and motion to quash hearing in *People v. Herbert Theodore Patty* (No. B2303008), and (2) a trial related to a domestic violence restraining order issued against Plaintiff in *Kalila Spain v. Herbert Patty* (No. 23FL002984). Mot. for Temporary Restraining Order, ECF No. 2 ("Mot.").

Having considered Plaintiff's briefing and the relevant legal authority, the Court finds this matter suitable for resolution without oral argument. Civil Local Rule 7-1(b). The Court DENIES Plaintiff's motion for a TRO.

## I. LEGAL STANDARD

Courts use the same standard for issuing a temporary restraining order as that for issuing a

United States District Court
Northern District of California

preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical.") (internal quotation marks and citation omitted). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 20. The Ninth Circuit has applied a sliding scale approach to these factors, where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits"); *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (preliminary injunction may issue if the plaintiff demonstrated serious questions going to the merits – which is a lesser standard than likelihood of success on the merits – if the balance of equities "tips *sharply* in the plaintiff's favor," and the plaintiff establishes that they are likely to suffer irreparable harm, and that an injunction is in the public interest).

The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an ex parte TRO. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Here, Plaintiff's motion for a TRO was, in effect, an ex parte motion even though Plaintiff did not title the motion as such. *See* Civil Local Rule 1-5(d) (defining "ex parte" as "contact with the Court without the advance knowledge or contemporaneous participation of all other parties"). Plaintiff stated in his motion that "in accordance with Federal Rule 65(b) that he will hire process servers to serve" Defendants Judge Kuhnle and Judge Chen and "will send a copy of the complaint and the request for the Temporary Restraining Order (TRO) to the County Counsel for Santa Clara County," both by May 22, 2025. Mot. at 2. The Court has not received

any indication that Plaintiff has done so, nor has a notice of executed summons been filed. Therefore, the Court considers the instant motion for a TRO as ex parte.

**II. DISCUSSION**

First, and most fundamentally, Plaintiff is unlikely to succeed on the merits of his requested relief. Plaintiff requests that this Court enjoin Defendants "from proceeding with the following scheduled state actions:" (1) "the criminal trial setting and motion to quash hearing" and (2) "the Domestic Violence Restraining Order trial." Proposed Order, ECF No. 2-1. Plaintiff explains that he "is concerned that Defendant Judge Thomas Kuhnle will continue to violate Plaintiff's constitutional rights by denying Plaintiff access to relevant evidence and *Brady* material." Mot. at 1. Plaintiff further explains that Judge Kuhnle has informed Plaintiff that "he intends to set the criminal case for trial" during the upcoming hearing. *Id*. at 2. Plaintiff additionally raises concerns that he "will not have time to complete discovery to obtain exculpatory evidence and is in jeopardy of losing additional parental rights" in the Domestic Violence Restraining Order trial that is set for May 28, 2025. *Id*.

The Court cannot grant Plaintiff's request to enjoin the state court proceedings under the Anti-Injunction Act (AIA), which prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiff has not shown that any of the AIA's exceptions apply here. *See Master v. Rothbard*, 2024 WL 4682317, at *2 (N.D. Cal. Nov. 4, 2024) ("Even where a plaintiff clearly and unmistakably alleges violation of a federal right, 'a federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right.'") (citing *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 294 (1970)).

Second, Plaintiff has failed to demonstrate "that he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Generally, Plaintiff's concerns are prospective; he contends that he is not or will not be treated fairly in the underlying state court proceedings. Mot. at 1. If Plaintiff believes that some error was committed by the state court,

then Plaintiff's concerns may be addressed by the state appellate courts. *Plong v. Coutts*, 2023 WL 3432134, at *3 (C.D. Cal. Mar. 10, 2023) ("To the extent that Plaintiffs believe that the state trial judge committed error, the harm is not irreparable because they can pursue their appellate rights.").

The other *Winter* factors likewise do not favor granting Plaintiff's motion. *Winter*, 555 U.S. at 20. Plaintiff's request for a TRO seeks to interfere with ongoing state court proceedings, which is not in the public interest.

## III. CONCLUSION

Because none of the *Winters* factors favors granting a TRO here, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 23, 2025

Noël Wise
United States District Judge