1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6

7   HERBERT T. PATTY,                    Case No. 25-cv-04392-NW
8              Plaintiff,
                                         **ORDER GRANTING ANTI-SLAPP**
9       v.                               **SPECIAL MOTION TO STRIKE**

10  ROB BONTA, et al.,                   Re: ECF No. 35
11             Defendants.
12

13       Defendants Heather Allan and Allan & Martelle, LLP (together, "Allan Defendants") filed

14  a special motion to strike Plaintiff Herbert T. Patty's first amended complaint pursuant to Cal. Civ.

15  Proc. Code section 425.16, California's anti-SLAPP statute.[1]  Mot. to Strike, ECF No. 35.  The

16  Allan Defendants ask the Court to "enter a finding that Attorney Allan and her firm are prevailing

17  parties," under section 425.16.  While the Allan Defendants' motion was pending, Plaintiff filed a

18  second amended complaint and voluntarily dismissed the Allan Defendants.  The Court retains

19  jurisdiction over a pending special motion to strike, even after the defendants have been dismissed,

20  for the purpose of designating a "prevailing party" and to award fees and costs.  *Evans Hotels,*

21  *LLC v. Unite Here! Loc. 30*, No. 23-55692, 2025 WL 17120, at *3 (9th Cir. Jan. 2, 2025), *cert.*

22  *denied,* No. 24-1173, 2025 WL 2906506 (U.S. Oct. 14, 2025).

23       Having considered the parties' briefing and the relevant legal authority, the Court finds this

24  matter suitable for resolution without oral argument.  Civil Local Rule 7-1(b).  The Court

25  GRANTS the Allan Defendants' special motion to strike and finds that they are prevailing parties.

26
27
28  _____
    [1] "SLAPP" is an acronym for Strategic Lawsuits against Public Participation.

## I.    PROCEDURAL HISTORY

This case arises out of two proceedings in Santa Clara County Court against Plaintiff Herbert T. Patty: (1) a criminal case, *People v. Herbert Theodore Patty* (No. B2303008), and (2) a family court case, *Kalila Spain v. Herbert Patty* (No. 23FL002984).  Compl., ¶ 1, ECF No. 1. Both state court cases stem from Plaintiff's divorce proceedings and his related interactions with his former spouse and his children.  *Id*. ¶ 2.  Plaintiff is an attorney licensed in California.  *Id*. ¶ 16. He is proceeding *pro se* in this case.

On May 22, 2025, Plaintiff brought a series of 42 U.S.C. §§ 1983, 1985 claims and state law claims against the state court judges presiding over his state court proceedings, members of the District Attorney's office, the County of Santa Clara, and the Attorney General of California. *See* Compl.  Plaintiff additionally sued Defendant Heather Allan, the attorney appointed as Plaintiff's minor children's counsel in the state court proceedings, for alleged violation of Plaintiff's due process and equal protection rights under the Fourteenth Amendment.

Plaintiff filed a first amended complaint on August 26, 2025, in which Plaintiff added Allan's firm, Allan & Martelle, LLP, as a Defendant.  *See* First Amend. Compl., ECF No. 25 ("FAC").  Plaintiff alleged that the Allan Defendants violated his children's right to parentage and Plaintiff's due process rights under the Fourteenth Amendment.  Plaintiff also added state law claims for abuse of process, and aiding and abetting misconduct.  *Id*.

The Allan Defendants filed a motion to strike Plaintiff's claims pursuant to Cal. Civ. Proc. Code § 425.16, California's anti-SLAPP statute.  Mot. to Strike at 1.  Plaintiff opposed, and the Allan Defendants filed a reply.  ECF Nos. 54, 63.

On October 16, 2025, the Court granted four motions to dismiss filed by the other Defendants in this action and the motion to dismiss filed by the Allan Defendants.  The Court found that Plaintiff's complaint did not articulate causes of action in a manner in which the Defendants could reasonably answer.  The Court granted Plaintiff leave to amend, but noted that Defendants had raised a variety of compelling arguments in their motions that the Court had not yet addressed, including: the lack of state action alleged in Plaintiff's § 1983 claims; the lack of a state policy alleged in Plaintiff's *Monell* claim; Plaintiff's failure to exhaust administrative

2

1    requirements before suing state government employees; and, Plaintiff's claims against County

2    prosecutors and judicially appointed therapists and advocates are barred by doctrines of immunity.

3       Plaintiff filed a second amended complaint on November 7, 2025. Second Amend.

4    Compl., ECF No. 70 ("SAC"). In the SAC, Plaintiff voluntarily dismissed all claims against the

5    Allan Defendants. *Id*. ¶ 284.

6    **II.  DISCUSSION**

7       A plaintiff who voluntarily dismisses their complaint after an anti-SLAPP motion has

8    been filed, "cannot escape paying attorney fees and costs if the court determines the motion would

9    have been granted." *Astre v. McQuaid*, No. A154945, 2019 WL 5654260, at *5 (Cal. Ct. App.

10   Oct. 31, 2019) (unpublished). "[P]ermitting an eleventh-hour dismissal to eliminate financial

11   liability would undermine the deterrent purpose of the anti-SLAPP statute." *Ross v. Seyfarth*

12   *Shaw LLP*, 96 Cal. App. 5th 722, 733 (2023), *reh'g denied* (Oct. 17, 2023), *reh'g denied* (Nov. 8,

13   2023), *review filed* (Nov. 21, 2023), *review denied* (Jan. 10, 2024).

14      The Court retains jurisdiction to determine if the Allan Defendants would have prevailed

15   on their motion to strike such that they are able to recover attorneys' fees. "Where a plaintiff

16   abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled to

17   fees and costs if it would have prevailed on the merits of its motion." *Evans Hotels*, No. 23-

18   55692, 2025 WL 17120, at *3 (citing *Moore v. Liu*, 81 Cal. Rptr. 2d 807, 812 (Cal. Ct. App.

19   1999)). "To prevail on a special motion to strike a SLAPP suit, [1] the defendant must 'make an

20   initial prima facie showing that plaintiff's suit arises from an act in furtherance of defendant's

21   right of petition or free speech.' If this burden is met, [2] the plaintiff must establish a reasonable

22   probability he or she will prevail on the merits." *Ross*, 96 Cal. App. 5th at 732 (quoting *Braun v.*

23   *Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036, 1042–1043). "Preadjudication dismissals

24   do not automatically render the defendant the 'prevailing party' for purposes of subdivision (c)(1).

25   But upon a determination that the defendant *is* the prevailing party, the fee award becomes

26   mandatory (subject to limitations on an award in the context of a fully adjudicated motion)." *Id*. at

27   733.

28      Here, the Allan Defendants have made a prima facie showing that Plaintiff's claims arise

United States District Court
Northern District of California

3

1    from acts that are protected by the anti-SLAPP statute.  Actions such as "any written or oral

2    statement or writing made before a . . . judicial proceeding, or any other official proceeding

3    authorized by law," are covered by the anti-SLAPP statute.  Cal. Civ. Proc. Code § 425.16(e)(1).

4    "[A]ll communicative acts performed by attorneys as part of their representation of a client in a

5    judicial proceeding or other petitioning context are per se protected as petitioning activity by the

6    anti-SLAPP statute." *Cabral v. Martins*, 177 Cal.App. 4th 471, 480 (2009).  Plaintiff's claims

7    against the Allan Defendants stem from the Allan Defendants' representation of, and

8    recommendations for, Plaintiff's minor children during the underlying state court proceedings.

9    The Allan Defendants' alleged actions are litigation related activities that fall squarely within the

10    conduct protected by the anti-SLAPP statute.

11        Because the Allan Defendants have met their initial burden, Plaintiff "must establish a

12    reasonable probability [that he] will prevail on the merits." *Ross*, 96 Cal. App. 5th at 732.  The

13    Court finds that Plaintiff has not demonstrated that he had a reasonable probability of prevailing

14    on the merits of his claims against the Allan Defendants.  Plaintiff did not address the Allan

15    Defendants' federal and state litigation privileges, which encompass all of their activities.  Under

16    California law, a "publication or broadcast" made as part of a "judicial proceeding" is privileged.

17    Cal. Civ. Code § 47(b) (West).  "The usual formulation is that the privilege applies to any

18    communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other

19    participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some

20    connection or logical relation to the action.  The privilege is not limited to statements made during

21    a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." *Action

22    Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007) (internal citations

23    omitted).  Similarly, under the federal *Noerr–Pennington* doctrine, "in the litigation context, not

24    only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to

25    the prosecution of the suit' is protected." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir.

26    2006) (quoting *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525,

27    1528–29 (9th Cir.1991)); *see also Litrinium, Inc. v. MACOM Tech. Sols. Inc.*, No. 19-1674-JVS,

28    2020 WL 4580506, at *6 (C.D. Cal. Apr. 27, 2020) ("Immunity under the *Noerr-Pennington*

United States District Court
Northern District of California

4

doctrine includes communications made to the court during the course of a lawsuit.").  Plaintiff challenges the Allan Defendants' statements and conduct related to Allan's representation of Plaintiff's children in the underlying state court cases.  Because the Allan Defendants' alleged conduct was made during and for the purpose of judicial proceedings, Plaintiff's claims against the Allan Defendants are barred by the litigation privileges under state and federal law.  Plaintiff has not met his burden to show that he had a reasonable probability of prevailing on the merits of his claims against the Allan Defendants, prior to dismissing them from the SAC.

## III.    CONCLUSION

The Court GRANTS the Allan Defendants' special motion to strike and FINDS that the Allan Defendants are prevailing parties for the purposes of § 425.16.

If the Allan Defendants intend to seek reasonable attorneys' fees, they must do so by motion by December 15, 2025.  Plaintiff may file an opposition within 14 days of the date the motion is filed per the Civil Local Rules.

**IT IS SO ORDERED.**

Dated: November 28, 2025

Noël Wise
United States District Judge