UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT T. PATTY, <br><br> Plaintiff, <br><br> v. <br><br> ROB BONTA, et al., <br><br> Defendants. | Case No. 25-cv-04392-NW <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Re: ECF Nos. 72, 76, 91, 95 |

This case arises out of two proceedings in Santa Clara County Court against Herbert T. Patty (the Plaintiff in this action): (1) a criminal case, *People v. Herbert Theodore Patty* (No. B2303008); and (2) a family court case, *Kalila Spain v. Herbert Patty* (No. 23FL002984). Compl., ¶ 1, ECF No. 1. Both state court proceedings stem from Plaintiff's divorce and related interactions with his former spouse and his children. *Id*. ¶ 2. Plaintiff is an attorney licensed in California. *Id*. ¶ 16. He is proceeding *pro se* in this case.

Plaintiff brings a series of 42 U.S.C. §§ 1983, 1985 claims against members of the District Attorney's office, the County of Santa Clara, and the Attorney General of California. Defendants move to dismiss Plaintiff's case. ECF Nos. 72, 76, 91.

The Court finds this matter suitable for resolution without oral argument and VACATES the hearing set for February 18, 2026. L.R. Civ. 7-1(b). Plaintiff's motion for leave to file a third amended complaint is DENIED. ECF No. 95. Defendants' motions to dismiss are GRANTED without leave to amend. ECF Nos. 72, 76, 91.

## I. BACKGROUND

On May 22, 2025, Plaintiff, proceeding *pro se*, sued Defendants Heather Allan, Troy Benson, Attorney General Rob Bonta, Jay Boyarsky, Judge Cynthia Chen, Tracy Fleming,

Tamalca Harris, Judge Thomas Kuhnle, Sandip Patel, Jeff Rosen, Judge Stuart Scott, Kalila Spain, Tyrone Wilson, Adam Wright, and Farrah Zarea.  Compl., ECF No. 1.  Plaintiff additionally filed a motion for a temporary restraining order, which the Court denied on May 23, 2025.  ECF Nos. 2, 5.

On August 25, 2025, the Court granted the motion to dismiss filed by Defendants Judge Thomas Kuhnle, Judge Stuart Scott, and Judge Cynthia Chen, and entered judgment in their favor.  ECF Nos. 17, 26.

Plaintiff filed an amended complaint on August 26, 2025, naming additional Defendants: Allan & Martelle, LLP, Sharon Loughner, Geoffrey Lauter, James Chau, Law Office of James Chau, P.C., Cuong Nguyen, and the County of Santa Clara.  First Amended Complaint, ECF No. 25 ("FAC").  Plaintiff brought 18 claims against the various Defendants for damages and injunctive relief.  Plaintiffs' claims included: a § 1985 claim for conspiracy; § 1983 claims for Plaintiff's right to associate with his children, right to equal protection as compared to other parents, and right to due process; a *Monell* claim; and a series of California state law claims for aiding and abetting, abuse of process, civil conspiracy, fraudulent concealment, and defamation, among others.  FAC ¶¶ 335-464.  The remaining Defendants filed various motions to dismiss.  ECF Nos. 29, 31, 32, 34.

On August 28, 2025, Plaintiff filed a second *ex parte* motion for a temporary restraining order, which the Court denied on August 29, 2025.  ECF Nos. 27, 28.

On October 16, 2025, the Court granted Defendants' various motions to dismiss with leave for Plaintiff to amend his complaint by November 7, 2025.  ECF No. 69.  The Court found that Plaintiff failed to plead enough facts to state a claim for relief pursuant to Fed. R. Civ. P. 8(a).  The Court previewed to Plaintiff that Defendants had raised "a variety of compelling arguments in their motions to dismiss, including: the lack of state action alleged in Plaintiff's § 1983 claims; the lack of a state policy alleged in Plaintiff's *Monell* claim; Plaintiff's failure to exhaust administrative requirements before suing state government employees; and, Plaintiff's claims against County prosecutors and judicially appointed therapists and advocates are barred by doctrines of immunity."  *Id*. at 4-5.  The Court noted that "if Plaintiff files a second amended

United States District Court
Northern District of California

2

complaint while the criminal case against him is still pending, the Court will take appropriate steps in this case (which could include a stay, dismissal, or other action) under the doctrine of *Younger* abstention." *Id*. at 5.

On November 7, 2025, Plaintiff filed a second amended complaint ("SAC") bringing claims under § 1983 for violations of the First, Fourth, and Fourteenth Amendments of the U.S. Constitution and for conspiracy under § 1985(3). SAC, ECF No. 70. [1]  Defendants filed respective motions to dismiss the SAC. ECF Nos. 72, 76, 91.

On December 9, 2025, the Court granted Plaintiff's request for an extension of his deadline to file an opposition to the motions to dismiss. ECF No. 85. Plaintiff instead filed a third motion for a temporary restraining order, which the Court denied on December 12, 2025. ECF Nos. 87, 88.

On January 5, 2026, Plaintiff filed a motion for leave to file a third amended complaint ("TAC"), lodged his proposed TAC, and opposed the motions to dismiss in a "notice of consolidated opposition." ECF Nos. 93, 94, 95, 96. In the notice, Plaintiff explains that "[t]he proposed Third Amended Complaint addresses the capacity, immunity, and pleading issues raised in Defendants' motions to dismiss. Plaintiff submits that resolution of the motion for leave will materially affect, if not moot, the issues presented in Defendants' motions." ECF No. 96 at 1. Defendants filed replies to Plaintiff's consolidated opposition and to the motion for leave. ECF Nos. 102, 103, 104.

## II.    MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiff asks the Court for leave to file a TAC. ECF No. 95. Plaintiff seeks to amend his complaint to "(1) clarify the capacity in which certain defendants are sued, (2) conform the pleadings to the governing immunity doctrines and the Ex parte Young framework, and (3) incorporate newly articulated factual allegations and constitutional claims arising from the same

---

[1] Plaintiff voluntarily dismissed Defendant Tracy Fleming on November 28, 2025. ECF No. 81. Defendant Fleming's motion to dismiss, ECF No. 77, is terminated as moot. Plaintiff also voluntarily dismissed Heather Allan, Allan & Martelle LLP, James Chau, Law Office of James Chau, P.C., and Cuong Nguyen in his SAC. SAC ¶ 284.

United States District Court
Northern District of California

United States District Court
Northern District of California

nucleus of operative facts—specifically, a retaliatory email harassment campaign and the subsequent failure of state actors to investigate or remediate that misconduct despite notice." ECF No. 95 at 2. In the proposed TAC, Plaintiff maintains his § 1983 claims, adds a claim for libel arising under California law, and omits his claim for conspiracy under § 1985(3).

A district court should freely grant leave to amend "when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

Here, amendment of Plaintiff's complaint would be futile. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020). Plaintiff seeks to amend his complaint to address issues that were raised in previous motions to dismiss and were addressed by the Court in prior orders. Plaintiff has not addressed the fundamental deficiencies of his case in the proposed TAC because he maintains claims against state officials who are entitled to Eleventh Amendment immunity and against state prosecutors who are entitled to immunity for acting in their official capacities. "If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile." *Id*. Accordingly, the Court finds that amendment of Plaintiff's complaint would be futile and DENIES Plaintiff's motion for leave to amend.

### III.    MOTIONS TO DISMISS

The Court turns to the motions to dismiss the operative SAC. Following voluntarily dismissal of some Defendants, Plaintiff maintains claims against five groups of Defendants in the SAC:[2]

1. Defendant Attorney General of California Rob Bonta (Claims 5, 6);

2. Defendants Supervising Deputy Attorney General of California Geoffrey Lauter and Deputy Attorney General of California Sharon Loughner (Claims 5, 6);

3. Defendants Jeff Rosen, Jay Boyarsky, Adam Wright, and Farrah Zarea

---

[2] Claim 4 was alleged against only former Defendant Fleming, and is therefore dismissed.

4

United States District Court
Northern District of California

("Prosecutor Defendants"), current and former members of the Santa Clara County District Attorney's office who prosecuted Plaintiff's state criminal case (Claims 1, 6);

4. Defendants Kalila Spain, Tyrone Wilson, Tamalca Harris, Sandip Patel, and Troy Benson ("DA Office Defendants"), current and former members of the Santa Clara County District Attorney's office who spoke about Plaintiff's case with Plaintiff's former spouse (Claims 1, 2, 6); and

5. Defendant County of Santa Clara (Claims 3, 6).

Each of the Defendants move to dismiss Plaintiff's claims, with some Defendants jointly filing their motions. ECF Nos. 72, 76, 91. Defendants argue that while Plaintiff labeled his filing "opposition," he does not include legal argument to oppose Defendants' contentions. In his opposition, Plaintiff states, "Defendants' motions raise Eleventh Amendment, Rule 12(b)(5), and Rule 8 arguments. Plaintiff does not dispute that such defenses may be asserted but submits that they should be evaluated against the operative complaint." ECF No. 94 at 2.

The Court agrees that Plaintiff failed to oppose Defendants' motions to dismiss, which alone is sufficient grounds for dismissal. *King v. Contra Costa Cnty.*, No. C 20-00462-SBA, 2020 WL 978632, at *2 (N.D. Cal. Feb. 28, 2020). However, out of an abundance of caution in light of the fact that Plaintiff is self-represented (even though he is a lawyer in the State of California), the Court independently reviewed the arguments raised in Defendants' motions to dismiss, and GRANTS each motion.[3] The Court reviews Plaintiff's claims as asserted against each group of

---

[3] As discussed in the Court's prior Orders, the Court considered, under the doctrine of *Younger* abstention, how it might proceed with this action given Plaintiff's ongoing criminal case. It is well established that federal courts should not enjoin or otherwise interfere with pending state criminal or quasi-criminal cases absent a showing of the state's bad faith or harassment, which Plaintiff has not yet demonstrated as currently alleged. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) ("A federal court may abstain under *Younger* in three categories of cases: '(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts.'") (internal citations omitted). However, Defendants brought to the Court's attention that "on November 25, 2025, Plaintiff accepted a plea deal to bring his criminal case to an end, entering a plea of no-contest to a misdemeanor charge under California Penal Code 415 (also known as

Defendants.

**Defendant Attorney General Bonta.**  Plaintiff's claims against Defendant Attorney General Bonta are barred by the Eleventh Amendment.  The court lacks subject matter jurisdiction, and dismissal is appropriate under Fed. R. Civ. Pro. 12(b)(1), where the Eleventh Amendment bars suits for damages or injunctive relief against a state or its instrumentalities.  U.S. Const. Amend. 11.  While Plaintiff contends that he "seeks only prospective declaratory and injunctive relief" and therefore that his claims fall within the *Ex parte Young* exception to the Eleventh Amendment, *see* SAC ¶ 273, Plaintiff alleges only facts that concern past actions undertaken by Defendant Attorney General Bonta.  Because "[t]he Eleventh Amendment bars claims based on past violations of the law," Plaintiff's claims for retrospective relief are not recognizable.  *Warne v. City & Cnty. of San Francisco*, No. 16-CV-06773-JSC, 2017 WL 912269, at *5 (N.D. Cal. Mar. 8, 2017).

**Defendants Lauter and Loughner.**  Plaintiff's claims against Defendants Lauter and Loughner are dismissed for failure to properly serve the SAC.  Plaintiff also did not serve the FAC on Defendants Lauter and Loughner.  Plaintiff does not contest that the proof of service shows that only the summons was served.  Because a "federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.," the Court GRANTS Defendants Lauter and Loughner's motion to dismiss.  *Direct Mail Servs., Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

**Prosecutor Defendants.**  Plaintiff brings claims against the Prosecutor Defendants who were working on his criminal case.  These prosecutors have immunity for their actions.  *Gibson v. City of Portland*, No. 24-1663, 2026 WL 235118, at *10 (9th Cir. Jan. 29, 2026) ("Prosecutors are absolutely immune 'for actions intimately associated with the judicial phase of the criminal process, such as the prosecutor's initiation of a prosecution and presentation of the state's case.'" (cleaned up)).  While Plaintiff states that the actions he challenges "fall outside absolute

"disturbing the peace")."  ECF No. 103 at 1.  Because Plaintiff's underlying state criminal case has concluded, *Younger* abstention is no longer applicable.

immunity," Plaintiff alleges facts that relate to prosecutorial activities such as filing declarations and forensic reports. SAC ¶ 31. Plaintiff does not adequately allege that the Prosecutor Defendants' actions fall outside of the scope of conduct covered by prosecutorial immunity. His claims against the Prosecutor Defendants are therefore dismissed.

**DA Office Defendants.** Plaintiff also brings claims against other members of the District Attorney's office for actions taken outside of their employment, such as exchanging text messages, "fabricating" allegations, and "dissemination of defamatory emails." SAC ¶ 34. Despite Plaintiff's statement that these actions were undertaken "under color of state law," Plaintiff's claims are based on actions that were not within the scope of Defendants' employment. *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). Plaintiff cannot maintain § 1983 claims without establishing state action. "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Id*. (internal citation omitted). Plaintiff's claims against the DA Office Defendants are dismissed.

**Defendant County of Santa Clara.** Finally, Plaintiff brings a *Monell* claim against Defendant County of Santa Clara. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff has failed to allege facts showing the existence of a policy, practice, custom, or omission sufficient to state a claim under *Monell*. Moreover, it is not clear to the Court how, even if there was a policy, "the policy is the moving force behind the constitutional violation" alleged. *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (internal citation omitted).

Accordingly, the Court grants Defendants' motions to dismiss Plaintiff's SAC as to all claims.

### IV.    CONCLUSION

The Court DENIES Plaintiff's motion for leave to file a TAC. ECF No. 95. The Court GRANTS Defendants' motions to dismiss the operative SAC. ECF Nos. 72, 76, 91. Because Plaintiff's SAC "could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), and because Plaintiff has been provided with multiple prior opportunities to amend, the Court dismisses Plaintiff's claims without leave to amend. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (the court's discretion to deny leave to

United States District Court
Northern District of California

7

amend is "particularly broad where plaintiff has previously amended the complaint."). The Clerk of the Court shall close the case and terminate all pending deadlines.

**IT IS SO ORDERED.**

Dated: February 13, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

8